# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RONALD KNAUSS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-cv-2636 |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM OF LAW**

**Joyner, J.**                                                               October 7, 2010

Presently before the Court is the Motion to Dismiss of Defendants United States Department of Justice, United States Marshals Service, and United States Fugitive Task Force (ECF No. 4). For the following reasons, the Motion shall be granted.

## I.   BACKGROUND

Joseph Ronald Knauss ("Plaintiff") is a *pro se* litigant and resident of Pennsylvania who has filed suit against the United States Department of Justice, the United States Marshals Service ("USMS"), and the United States Fugitive Task Force (collectively, the "Federal Agency Defendants")[1] as well as two individuals, Scott Henderschedt and John Doe (collectively, the

---

[1] The Federal Agency Defendants "assume[] arguendo that the 'U.S. Fugitive Task Force' is a federal agency or entity capable of being sued. The United States does not concede that this entity exists or that to the extent that it exists it may be sued other than by suing the United States Marshals Service or the United States Department of Justice.'" (Mem. Supp. Mot. to Dismiss 3 n.1, ECF No. 4.)

"Individual Defendants").

## A. Factual Background

Plaintiff alleges that on May 27, 2010, the Individual Defendants arrived at his house, demanded that Plaintiff open his door, and proceeded to yell at, curse at, and threaten Plaintiff. Plaintiff did not open the door and instead called 911. According to Plaintiff's Complaint, Scott Henderschedt identified himself and John Doe as federal bail enforcement officers and told Plaintiff that they had been watching him for three days. Henderschedt accused Plaintiff of pursuing Henderschedt's 22-year-old daughter, Krystal, and of damaging her car. Henderschedt then kicked Plaintiff's door and punched his air conditioner. When a police officer arrived in response to Plaintiff's 911 call, Plaintiff stepped outside. The Individual Defendants refused to identify themselves except to say that they catch federal bail jumpers, that Henderschedt was Krystal's father, and that John Doe was Krystal's uncle. Plaintiff alleges that the Individual Defendants were wearing the uniform of the United States Fugitive Task Force. According to the Complaint, Henderschedt explained that they were in uniform because they were working another case in the area, but that they were not getting paid for watching or confronting Plaintiff.

## B. Procedural Background

On June 17, 2010, Plaintiff filed a complaint in the Eastern

District of Pennsylvania.[2] Plaintiff's Complaint asserts claims of both constitutional and state tort violations arising out of the conduct of the Individual Defendants. Plaintiff seeks injunctive relief and monetary damages. Other than the caption, the Federal Agency Defendants are only mentioned in the Complaint as the employers of the Individual Defendants. No relief is sought from them, only from the Individual Defendants in their individual and official capacities.

The Federal Agency Defendants subsequently filed the instant Motion to Dismiss for lack of subject-matter jurisdiction.[3] Plaintiff filed a response to which the Federal Agency Defendants have now replied.

## II. LEGAL STANDARD

---

[2] We granted Plaintiff in forma pauperis status and directed the USMS to effect service of process upon the named defendants. Process was served upon the Department of Justice and the USMS. However, the USMS returned the summons for the United States Fugitive Task Force unexecuted for the stated reason that the "'Task Force' is a non entity and therefore cannot be served." (ECF No. 9.) The summons for John Doe was also returned unexecuted because the USMS is "unable to serve a John Doe." (ECF No. 9.) The summons for Scott Henderschedt was returned unexecuted because "Def. is unknown to the USMS and is not part of the Task Force. Unable to determine the location of Def." (ECF No. 9.)

[3] Defense counsel clarifies in the Motion that

> [t]he United States Attorney's Office represents the United States when an employee of the United States is alleged to have committed a tort while acting within the scope of his employment. See 28 U.S.C. § 2679(c). Here, there is insufficient evidence to conclude that either of the Individual Defendants was a federal employee and/or was acting within the scope of his (hypothetical) federal employment. Accordingly, neither undersigned counsel nor the United States Attorney's Office represents either of the Individual Defendants or purports to act on their behalf.

(Mot. to Dismiss 10 n.6, ECF No. 4.) This is a Motion to Dismiss, therefore, filed on behalf of the Federal Agency Defendants only.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asking the court to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In evaluating a Rule 12(b)(1) motion to dismiss, the court must first determine whether to treat the motion as a facial or factual challenge to the court's subject-matter jurisdiction. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A facial challenge "attack[s] the complaint on its face," while a factual challenge "attack[s] the existence of subject matter jurisdiction in fact, quite apart from any pleading." Mortensen, 549 F.2d at 891. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs., Inc., 220 F.3d at 176. By contrast, "in reviewing a factual attack, the court may consider evidence outside the pleadings." Id. In addition, in a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations . . . ." Mortensen, 549 F.2d at 891. "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. A factual challenge under Rule 12(b)(1) may be made prior to service of an answer. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir.

4

1990).

The Federal Agency Defendants have clearly challenged the Court's subject-matter jurisdiction on a factual basis. As such, we may consider evidence outside of the pleadings in conducting our analysis.

**III. ANALYSIS**

The Federal Agency Defendants argue in their Motion that Plaintiff's constitutional tort claims should be dismissed because federal sovereign immunity bars constitutional claims for damages against federal agencies. (Defs.' Mem. Supp. Mot. to Dismiss 3, ECF No. 4.) They argue that Plaintiff's common law tort claims must be dismissed because Plaintiff failed to exhaust his administrative remedies as required under the Federal Tort Claims Act and because the Individual Defendants are not federal employees. (Id.)

We observe that, having reviewed Plaintiff's Complaint and later submissions under the lenient standard to which *pro se* litigants are entitled, it does not appear that Plaintiff truly intended to include the Federal Agency Defendants in this case. As noted above, the Federal Agency Defendants are only mentioned in Plaintiff's Complaint in the caption and as the employers of the Individual Defendants. Moreover, in Plaintiff's response to the Motion to Dismiss, Plaintiff asserts that "[his] civil rights were violated warranting individual employees being sued in their

5

individual capacities, Plaintiff only sued officially for a T.R.O. and preliminary injunction and permanent injunction." (Pl.'s Mem. Opp'n Mot. to Dismiss 1, ECF No. 6.)  He further clarifies that "Defendants Doe and Henderschedt are sued in their individual capacities for monetary damages and official capacities for T.R.O., preliminary, and permanent injunctions." (Id. at 3.)  Plaintiff makes it fairly clear, then, that he does not seek any relief from the Federal Agency Defendants.  Nevertheless, for the sake of clarity and completeness, we will briefly address the pertinent legal issues.

**A.  Constitutional Tort Claims**

*1.  Damages*

Plaintiff's Complaint seeks monetary damages for alleged violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988)).  "Sovereign immunity is jurisdictional in nature."  Id.  In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971), the Supreme Court recognized a cause of action for damages against individual federal agents for constitutional violations.  However, the Supreme Court has refused to extend Bivens to permit suits against federal agencies.  FDIC, 510 U.S.

6

at 473. Sovereign immunity thus bars constitutional claims against federal agencies for monetary damages. Id. at 475.

Accordingly, to the extent that Plaintiff asserts constitutional claims against the Federal Agency Defendants for damages, such claims must be dismissed.

   *2. Injunctive Relief*

Plaintiff seeks the following injunctive relief in relation to his constitutional claims: (1) a temporary restraining order ("TRO") and preliminary injunction ordering the Individual Defendants not to have any further contact with Plaintiff during the litigation of this case and not to retaliate against Plaintiff; (2) a permanent injunction ordering the Individual Defendants not to retaliate against Plaintiff for enforcing his civil rights in this action; and (3) an order compelling the Individual Defendants to apologize to Plaintiff's neighbors and explain that the May 27, 2010, incident was not Plaintiff's fault. (Pl.'s Compl. ¶¶ 54-57, ECF No. 3.)

Such relief is clearly not sought against the Federal Agency Defendants. Furthermore, Plaintiff's Complaint does not allege any facts that could remotely be construed as constituting agency action subject to judicial review and injunctive relief. Therefore, we will dismiss Plaintiff's claims for injunctive relief against the Federal Agency Defendants, to the extent that his Complaint purports to assert them in the first place.

## B. State Common Law Tort Claims

Finally, Plaintiff has asserted a variety of claims, which he identifies as federal tort claims, but which are best described as state common law torts, though many are not, in fact, recognized causes of action.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), waives the sovereign immunity of the United States for certain torts committed by "any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (2006). The FTCA is not a vehicle for bringing constitutional tort claims against the United States. See FDIC, 510 U.S. at 478 ("[Section] 1346(b)'s reference to the 'law of the place' means law of the State – the source of substantive liability under the FTCA. By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."). Under the FTCA, a claimant may not bring a civil action in court until he has presented his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The claim must be presented "within two years after such claim accrues . . . ." Id. § 2401(b). If the claim is denied in writing by the federal agency, the claimant has six months to

bring a civil action in the district court. Id. §§ 2401(b), 2675(a). If the agency fails to make a decision within six months of the claimant presenting his claim, the claimant may treat this inaction as a final denial of the claim and proceed to court. Id. § 2675(a). The FTCA exhaustion requirement is "'jurisdictional and cannot be waived.'" Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (quoting Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971)).

*1. Claim Presentment*

We agree with the Federal Agency Defendants that Plaintiff has not exhausted his administrative claims as required by the FTCA. In his response to the Federal Agency Defendant's Motion to Dismiss, Plaintiff asserts that

> Plaintiff did file a copy of the Bivens action complaint on March 30, 2010[4] with the tort claim coordinator customer service analyst 1425 Crooked Road Harrisburg PA 17107-9333, and also Plaintiff completed Standard Form 95 Rev. 7-85 prescribed by Dept. of Justice 28 CFR 14.2 and sent 3 [copies] of his complaint/Bivens action and claim forms to the above Harrisburg [address] and director, torts branch civil division US Dept of Justice Washington DC 20530, and to the Office of Management and Budget Paperwork Reduction Project (1105-0008) Washington DC 20502. Furthermore Plaintiff never received a response back, Plaintiff attempted to call and they claimed they did not receive it nor would they give Plaintiff their names. Plaintiff attempted to resend it again and still received no responses. Therefore the Court should take this into consideration and order the Justice Dept to convene an investigation.

---

[4] We imagine, since Plaintiff alleges that the incident at issue occurred on May 27, 2010, that Plaintiff intended to assert that he filed these claims on May 30 rather than March 30.

9

(Pl.'s Mem. Opp'n Mot. to Dismiss 1, ECF No. 6.) The Federal Agency Defendants, however, submitted the sworn declaration of Gerald M. Auerbach, General Counsel for the Office of General Counsel, USMS, who stated that as of August 20, 2010, no FTCA claim had been presented to the USMS by Plaintiff. (Defs.' Mem. Supp. Mot. to Dismiss, Ex. A ¶¶ 4-5, ECF No. 4.) Therefore, even acknowledging Plaintiff's attempt at presentment, we must conclude that the FTCA's presentment requirement has not been met. See 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.").

Moreover, even if we were to assume that Plaintiff properly presented his claim to the appropriate federal agency, it is undisputed that Plaintiff filed this action prior to receiving a final denial of his claim and before six months had elapsed. Accordingly, because Plaintiff failed to exhaust his administrative remedies as required by the FTCA, we will dismiss Plaintiff's common law claims against the Federal Agency Defendants for lack of subject-matter jurisdiction.

 *2. Employment by the Government*

Plaintiff's FTCA claims potentially suffer from the even more fundamental problem that the Individual Defendants may not be federal employees. Plaintiff's Complaint alleges that Henderschedt claimed to be a "federal bail enforcement officer"

when he arrived at Plaintiff's door. (Pl.'s Compl. ¶ 6, ECF No. 3.) Allegedly, Henderschedt also stated that "we[']re federal agents with the marshals service . . . ." (Id. ¶ 8.) Plaintiff states that he "knew the defendants were lying since plaintiff[']s on state bail not federal bail . . . ." (Id. ¶ 9.) According to Plaintiff, Henderschedt explained that he and John Doe "go across the united states and catch federal bail jumpers." (Id. ¶ 20.) Plaintiff describes the Individual Defendants as wearing "full uniform, U.S. fugitive task force." (Id.) Plaintiff alleges that Henderschedt explained that, "we[']re working another case in the area that's why we[']re in full uniform." (Id. ¶ 28.) However, "plaintiff doesn't believe the defendants" on this point. (Id.) Henderschedt also told Plaintiff that the Individual Defendants had been watching Plaintiff for three days and that "[they were not] getting paid for it either . . . ." (Id. ¶ 27.)

The Federal Agency Defendants submitted the sworn declaration of John Patrignani, Chief Deputy United States Marshal for the Eastern District of Pennsylvania, to rebut Plaintiff's allegations that Henderschedt is a USMS employee. (Defs.' Mem. Supp. Mot. to Dismiss, Ex. B ¶ 1, ECF No. 4.) Chief Deputy Patrigiani declares that he is not, and never has been, aware of a USMS employee named Scott Henderschedt, that the USMS personnel department does not have records of a current or former

employee named Scott Henderschedt, that Scott Henderschedt does not appear on a list of current United States Department of Justice employees who have been assigned email addresses, and that Scott Henderschedt has not been deputized in the Eastern District of Pennsylvania. (Id. ¶¶ 5-9.) Chief Deputy Patrignani concludes, therefore, that "to the best of [his] knowledge, no individual named Scott Henderschedt is either a USMS employee or a USMS task force member." (Id. ¶ 10.)

In response to the Federal Agency Defendants' reply, Plaintiff filed a surreply containing new allegations about the Individual Defendants' employment.[5] Plaintiff alleges for the first time that "Defendants Doe and Henderschedt are on the U.S. Fugitive Task Force in New Jersey, Plaintiff believes it's the Southern District, therefore the Defendants were employed by the US Dept of Justice and were deputized by the U.S.M.S. and are on the task force." Plaintiff states that the Individual Defendants "didn't just have USMS logo, they had on full gear and on the back of their shirts in big letters U.S. Fugitive Task Force . . . ." Plaintiff alleges that the Individual Defendants stated to the police officer that "they [were] working in the area looking for a fugitive from New Jersey . . . ."

---

[5] Plaintiff is advised that he cannot submit information to the Court in this piecemeal fashion. All factual allegations must be included in the original pleadings or the pleadings must be amended to include new factual allegations. For the purposes of the instant motion, however, we will consider the allegations that Plaintiff has included in his response and reply briefs.

12

Regardless of the Individual Defendants' employment, it is clear that Plaintiff's FTCA action is premature and that the claims against the Federal Agency Defendants must be dismissed for lack of subject-matter jurisdiction.[6]

**IV. CONCLUSION**

Having concluded that we do not have subject-matter jurisdiction to hear either Plaintiff's constitutional tort or state common law tort claims against the Federal Agency Defendants, we will grant the Federal Agency Defendants' Motion to Dismiss in its entirety.[7]

An appropriate Order will follow.

---

[6] Nevertheless, the U.S. Attorney's Office is directed to ascertain whether Scott Henderschedt is or had been deputized by the USMS in New Jersey. Depending on the outcome of that inquiry, the U.S. Attorney's Office shall advise the Court of its position on representing Henderschedt in this case.

[7] We note for Plaintiff's benefit that we have not dismissed any claims against the Individual Defendants, Scott Henderschedt and John Doe. We will address Plaintiff's outstanding motions regarding his requests for counsel and discovery in separate orders.