# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH RONALD KNAUSS,           :
                                :
        Plaintiff,              :   CIVIL ACTION
                                :
    v.                          :   NO. 10-cv-02636
                                :
U.S. DEPARTMENT OF JUSTICE,     :
et al.,                         :
                                :
        Defendants.             :

## MEMORANDUM OF LAW

**Joyner, J.**                                              **March 29, 2011**

Presently before the Court is a series of motions and requests filed by Ronald Knauss ("Plaintiff"), a pro se litigant proceeding in forma pauperis.

## I. DISCUSSION

We have previously detailed the background facts relating to Plaintiff's original Complaint. (See Memorandum of Law dated October 7, 2010, ECF No. 15.) In brief, Plaintiff filed suit against several federal government agencies as well as two individual defendants, Scott Henderschedt and John Doe (collectively, the "Individual Defendants"), based on an incident that occurred at Plaintiff's house on May 27, 2010. Plaintiff characterized his lawsuit as a Bivens action on the grounds that the Individual Defendants allegedly were employed by the United States Marshals Service ("USMS") as part of the United States

Fugitive Task Force.[1] We granted the motion to dismiss of the federal government agencies. In relation to that motion, the agency defendants submitted the Chief Deputy United States Marshal for the Eastern District of Pennsylvania's sworn declaration that Scott Henderschedt was not a USMS employee. The U.S. Attorney's Office advised that because "the United States has concluded that Scott Henderschedt was not an employee acting within the scope of his employment at the time of the actions alleged in the plaintiff's complaint . . . . the United States Department of Justice will not be representing defendant Scott Henderschedt." (Letter from AUSA Paul Kaufman to the Court (Oct. 15, 2010) (on file with the Court).)

In late January 2011, Plaintiff filed several documents with the Court advising of changed circumstances in his case. We will address Plaintiff's various motions and requests in turn.

### A. Request for Subpoenas to Obtain 911 Tapes (ECF No. 5)

Plaintiff requests a subpoena to obtain the "911 tapes in [his] case." (ECF No. 5.) Presumably, Plaintiff is referring to a tape of the 911 call that he claims to have made at the time of the incident on May 27, 2010. As Plaintiff's Complaint has not yet been served on the only defendants remaining in this matter, Plaintiff's discovery request is premature and Plaintiff has not

---

[1] In a recent filing with the Court, Plaintiff alleges that in fact it is Henderschedt's brother, John Doe, who is a member of the Fugitive Task Force and that Henderschedt "impersonated a federal agent with his brother." (ECF No. 19 at 1.)

shown any good cause for expedited discovery.  Accordingly, we will deny Plaintiff's request at this time, without prejudice to Plaintiff renewing his request at a later date.

**B.     Request for a copy of the docket (ECF No. 5)**

In the same filing, Plaintiff requested "a copy of the docket in my case."  (ECF No. 5.)  We will grant this request and direct the Clerk of Court to provide Plaintiff with a copy of the docket in this matter.

**C.     Motion for Appointment of Counsel (ECF No. 7)**

Plaintiff seeks to have counsel appointed on the grounds that he is unable to afford an attorney and that his "case involves complicating matters with government corruption and a lot of investigations are needed and counsel would better serve to assist the plaintiff in litigating his case."  (ECF No. 7.)

Under 28 U.S.C. § 1915(e)(1), district courts have discretion to "request an attorney to represent any person unable to afford counsel."  Id.; see also Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993) ("We emphasize that appointment of counsel remains a matter of discretion; section 1915[(e)] gives district courts broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis.").  However, indigent civil litigants "have no statutory right to appointed counsel."  Tabron, 6 F.3d at 153. In evaluating whether to appoint counsel, a district court must

3

first determine whether the plaintiff's claim has some merit in fact and law.  Id. at 155.  If the claim has arguable merit, the court must consider additional factors, such as the plaintiff's ability to present his case, which includes consideration of the plaintiff's education, literacy, prior work experience, and prior litigation experience; the difficulty of the particular legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; and the degree to which a case is likely to turn on credibility determinations.  Id. at 155-56.

As the record currently stands, it appears that Plaintiff's claims are of questionable merit.  However, we will allow Plaintiff to file an amended complaint to clarify his allegations.  As such, it is premature to decide whether to appoint counsel in this case.  Nevertheless, we note that Plaintiff has experience with federal court litigation, having previously litigated a Section 1983 action before this Court.  As we noted in that case, it is clear from Plaintiff's legal filings that he is capable of researching the law and advancing coherent legal arguments.  Thus, we will deny Plaintiff's motion for appointment of counsel at this time.

**D.    Motion to Compel the USMS to Serve Scott Henderschedt and John Doe at Krystal Henderschedt's Residence (ECF No. 12)**

4

In this motion, Plaintiff seeks an order from the Court compelling the USMS to serve the Individual Defendants at the home of Henderschedt's daughter, Krystal. Plaintiff asserts that he submitted to the USMS the appropriate forms "listing Defendant Henderschedts [sic] daughter Krystals [sic] adress [sic] in which the defendant does spend a lot of time there therefore he resides there, and Defendant Doe is Krystals [sic] uncle." (ECF No. 12 at 1.) Plaintiff states further that "Krystal is over the age of 21 and her father stops threw [sic] there all the time . . . . Plaintiff also states that Krystals [sic] uncle is Defendant Doe who stops threw [sic] that residence on a daily basis [and] can also be served at Krystals [sic] residence." (ECF No. 12 at 1.)

It is unclear whether Plaintiff expects this Court to direct the USMS to stake out Krystal's house in the hope that her father and uncle will stop by, or whether Plaintiff believes that the USMS can serve Krystal's father and uncle by delivering the papers to Krystal at her home. Although hand-delivering a copy of a summons and complaint to a defendant is a permissible means of service, see Fed. R. Civ. P. 4(e)(2)(A), we will not direct the USMS to go to such lengths to complete service under the circumstances.[2] Furthermore, Plaintiff is not correct when he

---

[2] Plaintiff did not provide the USMS with the Individual Defendants' addresses. Indeed, before being released from this case, the Government noted that "the USMS does not research the addresses of defendants such as Henderschedt for plaintiffs; plaintiff must provide that address. Plaintiff failed to do so, and the summonses addressed to the individual defendants were therefore returned to the Clerk of Court unexecuted." (ECF No. 13 at 2 n.1

contends that Henderschedt resides at Krystal's house because he spends time there. Therefore, the USMS cannot serve Henderschedt or John Doe by leaving a copy of the summons and complaint with Krystal at her house. Fed. R. Civ. P. 4(e)(2)(B). Accordingly, we will deny Plaintiff's motion. However, as explained below, we will extend the deadline for service and permit Plaintiff to take further steps to identify and obtain addresses for the Individual Defendants, in order to provide the USMS with the information that it needs to effect proper service.

### E. Motion to Compel the Production of Incident Reports by the Coplay Police Department (ECF No. 14)

"Plaintiff moves this Court to order the Coplay Police Department to produce full and co[m]plete incident reports pertaining to Plaintiff and the Defendants." (ECF No. 14 at 1.) We construe this sentence to be a request for a subpoena for the production of the police report made on May 27, 2010, considering that Plaintiff made this request immediately after the Government offered the following advice:

> Indeed, if plaintiff requires the police report in order to further his case, to identify the Doe defendant, or to attempt to determine an address at which defendant Henderschedt can be served, plaintiff can move this Court to allow him to serve a subpoena on the Coplay Police

---

(internal citations omitted)). Until last week, Plaintiff had not indicated that he had made any attempt — such as searching on the internet or consulting a telephone directory — to discover an address at which Henderschedt could be served. Plaintiff now asserts that he "has found out" Henderschedt's address, "which was previously undiscovered." (ECF No. 19 at 1.) As far as we are aware, Plaintiff still has not provided this information to the USMS.

Department in furtherance of service.

(ECF No. 13 at 1.)

Under Federal Rule of Civil Procedure 45, a nonparty may be compelled to produce documents upon service of a Rule 45 subpoena. As the police report from the May 27, 2010, incident may facilitate the identification of John Doe, we will direct the Clerk of Court to issue to Plaintiff a signed but otherwise blank subpoena for Plaintiff to complete. See Fed. R. Civ. P. 45(a)(3). Plaintiff shall describe with detail the incident report that he is seeking and shall provide the police department with the option of mailing the incident report to Plaintiff within a reasonable amount of time. We will direct the USMS to serve the subpoena in accordance with Rule 45(b).

### F. "Motion for (Status Conference) and (Preliminary Inju[n]ction) (Habeaus [sic] Corpus)" (ECF No. 17)

Plaintiff now seeks a status conference and an injunction as a result of new factual developments in his case. Plaintiff informs the court that as of January 31, 2011, he is being held in prison without bail on a violation of probation due to new charges against him: attempted murder, aggravated assault, simple assault, and recklessly endangering another person. Plaintiff accuses Scott Henderschedt of retaliating against him by telling a former employee of St. Luke's Physical Therapy Center — the target of yet another lawsuit by Plaintiff — that

7

Plaintiff is "an ex-convict who loves [suing] people." (ECF No. 17 at 1.) Plaintiff alleges that when he was subsequently attacked in the parking lot of the therapy center by a Pagans biker gang member, the center's employees "lied on Plaintiff." (Id. at 2.)

*1. Motion for Status Conference*

Plaintiff requests a status conference with the Court, which request we will deny. As yet, no defendant has been served in this case and we will not conduct an ex parte meeting with Plaintiff.

*2. Motion for Preliminary Injunction*

Plaintiff also requests "a preliminary injunction suspending the state of PA and Lehigh County from falsely prosecuting the Plaintiff till this Court can investigate this retaliation in this federal case." (ECF No. 17 at 4.) We will not issue such an injunction. The abstention doctrine articulated in the Younger v. Harris, 401 U.S. 37 (1971), line of cases precludes this Court from enjoining ongoing state criminal proceedings absent special circumstances. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention under Younger is appropriate when three requirements are established:

> (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and

(3) the state proceedings must afford an adequate opportunity to raise the constitutional claims.

FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996). These elements are satisfied in this case. First, Plaintiff is a party in an ongoing state court action; specifically, he is the defendant in a state criminal prosecution. Clearly, granting Plaintiff's request for injunctive relief would interfere with this ongoing judicial proceeding. Second, the state's criminal case against Plaintiff undoubtedly implicates important state interests — that is, the state's enforcement of its criminal laws. Third, Plaintiff will have the opportunity to raise his constitutional claims in the context of the criminal proceeding.

Although abstention under Younger is not appropriate if a plaintiff can establish "bad faith, harassment, or some other extraordinary circumstance," O'Neill v. City of Philadelphia, 32 F.3d 785, 789 n.11 (3d Cir. 1994), here Plaintiff has not made such a showing. Plaintiff's highly-speculative allegations of retaliation by Scott Henderschedt are not sufficient to establish bad faith prosecution by state authorities.

Accordingly, we find that the <u>Younger</u> abstention doctrine bars this Court from granting Plaintiff the injunctive relief that he seeks.

    *3.   Motion for Habeas Corpus*

Finally, "Plaintiff further requests an order pursuant to 28

U.S.C.A. § 2254 federal habeas corpus act for immediate release and discharge since Plaintiff has posted secure bail in this false imprisonment case of attempted homicide." (ECF No. 17 at 4.) Plaintiff explains earlier in the filing:

> 5. Plaintiff was committed to Lehigh County Prison on December 15, 2010 and posted bail in the amount of $500,000.00 at 10% $50,000.00 straight cash bail.
>
> 6. Plaintiff was falsely imprisoned for 26 ½ hours after posting bail and then was given no bail on a probation detainer for M3 Simple Assault in which its one step above a summary offense – traffic citation.

(ECF No. 17 at 2.)

We will not treat Plaintiff's request as a petition for habeas corpus under 28 U.S.C. § 2254. Plaintiff cannot seek habeas relief by filing a motion in an ongoing civil case. However, we will direct the Clerk of Court to issue the appropriate forms to Plaintiff in the event that he wishes to pursue this avenue of relief.

### G. Notice of Amendment (ECF No. 18)

Plaintiff has also filed a "Notice of Amendment," apparently to alert the Court of his intention to amend his complaint. Plaintiff explains that he has "2 years from the date of action from original complaint to amend parties freely under Rule 15(a)." (ECF No. 18 at 1.) Plaintiff's interpretation of Rule 15(a) is not correct, as a glance at the rule quickly demonstrates. See Fed. R. Civ. P. 15(a) (permitting amendment of a pleading once as a matter of course within "(A) 21 days after

serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier" and otherwise requiring consent of the opposing party or leave of the court).

Although the 120-day period for service of process has expired, and although Plaintiff has been less than diligent about conducting his own investigation as to a proper address for service on Henderschedt, Plaintiff did file several motions seeking to compel service and obtain discovery and has since been waiting on the Court's response. Under the circumstances, then, we will extend the period for service and permit Plaintiff to file an amended complaint. See Fed. R. Civ. P. 4(m).

With regard to the amended complaint, however, we direct Plaintiff's attention to Federal Rule of Civil Procedure 10(b), which provides that:

> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b). Additionally, Plaintiff should provide further details on the status of the state criminal proceedings against him as well as his detention status. It appears from the return addresses of Plaintiff's most recent filings that he is no longer being detained in Lehigh County Prison, but this is not

11

entirely clear.

**H. Motion to Compel Service, Motion for Pre-trial Discovery, Motion for Status Conference, and Motion for Investigation (ECF No. 19)**

Plaintiff has now filed an additional motion seeking the assistance of the Court.

*1. Motion to Have Scott Henderschedt Served with Summons and Complaint*

Plaintiff informs the Court that he has learned of Henderschedt's address and now wishes the USMS to serve the Complaint at this address. As Plaintiff is well aware, having been through this process before, he must submit this information to the USMS on the appropriate forms. An order from this Court is not necessary at this time, therefore Plaintiff's motion will be dismissed as moot.

*2. Motion for Pre-Trial Discovery*

It is unclear what discovery Plaintiff wishes to compel and from whom, and as to what case it is related. In Plaintiff's motion, he states

> that the Commonwealth of PA is continuing to destroy evidence video tapes, and fals[e]ly prosecute the Plaintiff in State Court Case 5595-2010, the Commonwealth has destroyed evidence video [surveillance] tapes and are refusing to turn the rest of the evidence over to the defendant, its [sic] so obvious they [sic] even a lay person would recognize that prosecutorial misconduct has been committed and lots of government c[o]rruption in Lehigh County, and spoilation [sic] of evidence.

12

(ECF No. 19 at 2.)  If Plaintiff believes that the Commonwealth is refusing to disclose evidence necessary to his defense, this is an issue that he must raise in his state court proceedings. To the extent that Plaintiff seeks discovery to litigate his federal case, we find that he has not provided even close to the level of detail necessary for this Court to rule on such a motion.  Accordingly, Plaintiff's motion is dismissed without prejudice.

### 3. *Motion for Status Conference*

For the reasons explained previously, we will deny Plaintiff's motion for a status conference.

### 4. *Motion for Investigation*

Plaintiff again moves the Court to "order a federal investigation into this matter of federal retaliation."  (ECF No. 19 at 2.)  We understand Plaintiff's claim of "federal retaliation" as being a reference to the ongoing state criminal prosecution against him.  As explained before, it would not be appropriate for this Court to interfere in such a matter.  We will deny Plaintiff's motion for a federal investigation.

## II. CONCLUSION

An appropriate order will follow.