```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH RONALD KNAUSS,        : CIVIL ACTION
                             :
        Plaintiff,           :
                             :
    v.                       :
                             : NO. 10-cv-2636
U.S. DEPARTMENT OF JUSTICE,  :
et al.,                      :
                             :
        Defendants.          :
```

## MEMORANDUM OF LAW

**Joyner, C.J.**                                **January 20, 2012**

Before the Court are Defendants' Motions to Dismiss (ECF Nos. 44, 50, 52, 55, 56, 60, 66). For the reasons set forth in this Memorandum, the defendants' Motions are GRANTED.

## I.  BACKGROUND

Joseph Ronald Knauss ("Plaintiff") is a *pro se* litigant who has filed suit against thirty-three defendants, including municipal, state and federal government entities and numerous individuals. Plaintiff's claims originate from a May 27, 2010 incident at his home in which Defendants Scott Henderschedt and Randy J. Smith allegedly threatened and attempted to forcefully enter Plaintiff's apartment. According to the Amended Complaint (ECF No. 27), the confrontation resulted from Henderschedt's objections to Plaintiff's interactions with Henderschedt's daughter. Shortly thereafter, Henderschedt allegedly orchestrated a subversive retaliatory scheme targeting Plaintiff.

Plaintiff contends Henderschedt conspired with Plaintiff's physical therapists and physicians to injure Plaintiff and then destroy evidence of their wrongdoing. According to the Amended Complaint, Henderschedt then procured the services of a motorcycle gang member to shoot Plaintiff in a parking lot, a plan that was foiled when Plaintiff drove his car into the gang member. The incident resulted in Plaintiff's criminal prosecution, which is currently underway in the Pennsylvania courts. Additional defendants are police officers, corrections officials, investigators, defense attorneys, prosecutors and judges who allegedly conspired with Henderschedt to falsely convict Plaintiff of several felonies, including kidnaping, rape, attempted homicide and homicide. As part of the scheme, the defendants purportedly falsified documents and testimony, destroyed and fabricated evidence and abused their authority to Plaintiff's detriment. Plaintiff seeks injunctive, declaratory and monetary relief to stem the tide of retaliation and safeguard his constitutional and common law rights.

## II.   STANDARD OF REVIEW

**A. Rule 12(b)(1)**

In evaluating a Rule 12(b)(1) motion to dismiss, the court must first determine whether to treat the motion as a facial or factual challenge to the court's subject-matter jurisdiction.

Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  A facial challenge "attack[s] the complaint on its face," while a factual challenge "attack[s] the existence of subject matter jurisdiction in fact, quite apart from any pleading."  Mortensen, 549 F.2d at 891.  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Gould Elecs., Inc., 220 F.3d at 176.  By contrast, "in reviewing a factual attack, the court may consider evidence outside the pleadings."  Id.  In addition, in a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations."  Mortensen, 549 F.2d at 891.  "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  Id.  A factual challenge under Rule 12(b)(1) may be made prior to service of an answer.  Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

**B. Rule 12(b)(6)**

When considering a Rule 12(b)(6) motion to dismiss, the district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d

Cir. 1996)). In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although the Court must accept well-pleaded facts as true, it need not credit "bald assertions" or "legal conclusions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

## III.  DISCUSSION

### A.  Federal Agency Defendants

The United States Department of Justice, United States Marshals Service ("USMS") and United States Fugitive Task Force (collectively, "Federal Agency Defendants") filed a Motion to Dismiss alleging the Court lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Although the Federal Agency Defendants themselves are not named parties in the Complaint, Plaintiff states that Defendant Randy J. Smith "is believed to be employed" by them. (Am. Compl. 2:4.) Defendant Smith's supposed association with the federal government appears to be the only grounds for the action against them.

The Federal Agency Defendants argue Defendant Smith is not

affiliated with them in any way and thus he was not acting under color of federal law.  Because the challenge is a factual one, the Court may consider evidence outside the pleadings.  <u>Gould Elecs.</u>, 220 F.3d at 176.  The Amended Complaint states that Defendant Smith, along with an alleged local police officer, Scott Henderschedt, announced themselves as "federal bail enforcement" officers and "federal agents with the marshals service [sic]."  (Am. Compl. 3.)  The Federal Agency Defendants assert "Randy J. Smith is not, in fact, an employee of the United States Marshals Service or the United States Department of Justice, and he does not appear to have been deputized into a United States Marshals Service task force in the Eastern District of Pennsylvania, where the plaintiff resides."  (Defs.' Mot. to Dismiss 9, ECF No. 66.)

Bryant Semenza is the Supervisory Deputy United States Marshal for the Eastern District of Pennsylvania who supervises the locality in which Plaintiff resides and where the alleged incident transpired.  (Semenza Decl. ¶¶ 1,4, July 20, 2011, ECF No. 66.)  In his sworn declaration, Mr. Semenza concluded that Randy J. Smith was never deputized by the USMS and there are no records of Smith being a past or present employee of the USMS or member of a task force.  (<u>Id.</u> ¶¶ 6-9.)  Because Defendant Smith's assumed association with the Federal Agency Defendants is the sole basis for subject-matter jurisdiction and that assumption is

5

false, the Federal Agency Defendants must be dismissed.

**B.  Defendant Physicians**

Stefano Camici and Stephen Motsay (collectively, "Defendant Physicians") are physicians affiliated with the Lehigh Valley Health Network who provided medical treatment to Plaintiff.  The Amended Complaint alleges they violated Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference to Plaintiff's serious medical needs, in addition to committing "state torts" of "destroying and altering medical records" and "spoliation of evidence."  (Am. Compl. 11:15d.)  These violations allegedly occurred when the Defendant Physicians "cover[ed] up records" and "refused medical treatment" by not conducting an MRI on Plaintiff, as part of a conspiracy with Defendant Scott Henderschedt.  (Am. Compl. 6:4a-6a.)

Setting aside the dubious support for an Eighth Amendment claim where Plaintiff was not a convicted prisoner at the time of the alleged misconduct, as a threshold matter, for Plaintiff to even maintain his civil rights claim pursuant to 42 U.S.C. § 1983, he must allege harm caused by state action.  "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor."  West v. Atkins, 487 U.S. 42, 49 (1988) (internal

6

quotation marks and alteration omitted). Because the Defendant Physicians are physicians in private practice, their association with an alleged local police officer, Defendant Scott Henderschedt, could be the only apparent basis for a § 1983 claim. As explained in the Court's previous Order (ECF No. 104), Scott Henderschedt was not acting under color of state law. Thus Defendant Physicians did not conspire with a state actor and there is no support for an argument that their conduct constituted state action. Plaintiff's § 1983 claim against Defendant Physicians must be dismissed.

The Court lacks original jurisdiction over Plaintiff's claims for violations of state law, see 28 U.S.C. § 1331, and the Court sees no affirmative justification for exercising its supplemental jurisdiction over them. See id. § 1367; Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). The remaining claims against the Defendant Physicians are dismissed and Plaintiff may pursue those claims in a state court if he so desires.

**C. Attorneys Prendergast and Santos**

Defendants Prendergast and Santos are defense attorneys in

private practice who "also assist the Lehigh County Public Defender" and once represented Plaintiff in his ongoing criminal case. (Defs.' Mot. to Dismiss 6, ECF No. 50.) The Amended Complaint states Prendergast and Santos are liable for "the official torts of professional misconduct, and are engaging in government corruption by not removing their appearance for the plaintiff off the docket or even putting it on the docket when plaintiff clearly stated he wants to represent himself pro-se." (Am. Compl. 11:18d.) It appears the relief Plaintiff seeks, to have Prendergast and Santos withdraw from representation, has already been provided by the Lehigh County Court of Common Pleas. On May 25, 2011, the Court of Common Pleas granted a motion for counsel to withdraw and "after a waiver of counsel colloquy, plaintiff was permitted to proceed *pro se*." (Defs.' Mot. to Dismiss 3 & Ex. 2, at pp. 15-16, ECF No. 50.) Not only would the requested injunctive relief be moot, it would also warrant abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971).

To the extent Plaintiff is seeking compensatory relief for what could tenuously be called a Sixth Amendment claim, Prendergast and Santos committed no constitutional violations because they are not state actors. See West v. Atkins, 487 U.S. 42, 49 (1988). Prendergast and Santos' designation as private attorneys, despite their association with the Lehigh County Public Defender, does not make them state actors for a § 1983

action. Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981). Whatever claims remain under Pennsylvania common law, if any, the Court declines to exercise its supplemental jurisdiction to hear them. See 28 U.S.C. § 1367; Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

**D.  Lehigh County District Attorney's Office**

The Lehigh County District Attorney's Office, Paul Bernadino (an assistant district attorney) and the Lehigh County Drug Task Force moved to dismiss the Complaint for failure to state a claim for which relief can be granted.  Plaintiff contends that Bernadino, Plaintiff's former defense attorneys and two Lehigh County Court of Common Pleas judges "are all working together to convict plaintiff of false criminal charges."  (Am. Compl. 9:20c.)  Specifically, Plaintiff alleges Bernadino "falsely approv[ed] criminal charges and conspir[ed] with defendants holihan, balliet, and shoudt [sic]" in violation of the First, Fourth, Sixth, Eighth and Fourteenth Amendments.  (Am. Compl. 11:13d.)  Plaintiff makes no specific allegations against the Lehigh County District Attorney's Office or Lehigh County Drug Task Force.

The aforementioned claims are barred under the Heck doctrine.  See Heck v. Humphrey, 512 U.S. 477 (1994).  A § 1983 claim for damages for unlawful imprisonment or conviction is generally not cognizable if it would render the conviction or

9

sentence invalid. Id. at 486-87. The ruling has been extended to plaintiffs whose criminal charges are pending. See Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). If Plaintiff were to prevail on his claims, thereby proving Bernadino falsely prosecuted and convicted him, it would render his potential conviction invalid. Plaintiff's claims against Bernardino are not cognizable. To the extent Plaintiff seeks injunctive relief, if at all, such relief would be barred under the Younger abstention doctrine.

Plaintiff alleged that Defendant Scott Henderschedt is employed by the Lehigh County Drug Task Force and works with the Lehigh County District Attorney's Office. As the Court explained in its December 22, 2011 Order (ECF No. 104), Plaintiff was not affiliated with the Lehigh County Drug Task Force or Lehigh County District Attorney's Office. (See also Defs.' Mot. to Dismiss, Ex. E, ECF No. 52.) Moreover, a district attorney's office is not an "entity" for purposes of § 1983 and such claims cannot be maintained. See Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997). All claims against Paul Bernadino, the Lehigh County District Attorney's Office and the Lehigh County Drug Task Force are dismissed.

**E. Coplay Police Department and Officer Buskaritz**

Matthew Buskaritz is a police officer for the Coplay Police Department who responded to a 911 call placed by Plaintiff on May

27, 2010.  Officer Buskaritz asked Plaintiff to come out of his apartment to speak to Defendants Henderschedt and Smith.  Buskaritz effectively mediated a discussion amongst the three individuals that ended with Plaintiff shaking hands with Henderschedt and Smith.  Plaintiff referred to a car vandalism incident earlier that day, which Officer Buskaritz was able to confirm was reported.  According to the Amended Complaint, Plaintiff went to the Coplay Police Department to obtain an incident report for the May 27, 2010 incidents.  After initially being rebuffed, the police chief allegedly gave Plaintiff the cover sheet of the report in exchange for ten or fifteen dollars.  (Am. Compl. 5:40.)  The Amended Complaint stated that Officer Buskaritz "in conspiring with defendants and covering up police reports warrants official state misconduct and violations of the plaintiffs [sic] rights under the 1st and 14th amendments [sic] of the us constitution [sic], and spoliation of evidence."  (Am. Compl. 10:9d.)

    Even accepting all the facts presented by Plaintiff as true, he has failed to state a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  First, Plaintiff provides no factual basis for

a First Amendment claim whatsoever.  Next, the Amended Complaint provides no details on how Officer Buskaritz violated the Fourteenth Amendment.  Plaintiff does not allege Officer Buskaritz committed any police misconduct, such as making an unlawful arrest, conducting an unlawful search or using excessive force.  Moreover, the facts do not support a plausible claim for denial of due process.  The Coplay Police Department's actions in response to Plaintiff's request for criminal reports appears to have complied with Pennsylvania's Criminal History Record Information Act, 18 Pa. C.S. §§ 9101-83.

Finally, Plaintiff's bare allegation that Officer Buskaritz "conspired with defendants" is insufficient to survive a motion to dismiss.  Plaintiff's factual basis for a conspiracy amounts to this: Officer Buskaritz responded to Plaintiff's 911 call and ultimately convinced Henderschedt and Smith to leave Plaintiff's residence amicably; the Coplay Police Department charged Plaintiff a nominal fee for the police report he sought and the information therein was incomplete.  Plaintiff's conspiracy claim does not rise above the speculative level.  See Twombly, 550 U.S. at 555-56; see also Iqbal, 129 S. Ct. at 1950-51.  Plaintiff's claims against Officer Buskaritz and the Coplay Police Department are implausible and are dismissed.

**F.  Richard Heydt**

Plaintiff accuses Defendant Richard Heydt of "pulling a gun

on plaintiff and setting him up," thereby violating Plaintiff's First and Fourteenth Amendment rights and committing "the torts of terroristic threats and perjury."  (Am. Compl. 10:11d.) Richard Heydt allegedly approached Plaintiff in an Embassy Bank parking lot where he threatened Plaintiff with a handgun.  (Am. Compl. 6:10a.)  Plaintiff then purportedly refused to "leave the parking lot in an illegal fashion" and was forced to drive his car into Richard Heydt in self defense.  (Id.)  Plaintiff was subsequently arrested and his criminal prosecution is ongoing. The Amended Complaint describes Richard Heydt as "an adult individual and pagan's biker gang member" who is sued in his individual and official capacities.  (Id. 2:20.)  Plaintiff believes Richard  Heydt, who is the husband of Defendant Martha Heydt, is a co-conspirator with Defendant Henderschedt.

    Plaintiff has not stated a plausible claim against Defendant Richard Heydt.  The Amended Complaint offers no support for either a First Amendment or Fourteenth Amendment violation. Richard Heydt's association with the Pagan's biker gang, if true, does not make him a state actor for purposes of § 1983 litigation.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 49 (1988).  It is not clear to the Court in what "official capacity" a Pagan's biker gang member can be held liable for a constitutional violation.  Furthermore, as the Court has already discussed, Defendant Henderschedt was not acting under color of

law so Richard Heydt's association with Henderschedt does not form a basis for § 1983 liability.  The Court declines to exercise its supplemental jurisdiction over Plaintiff's pendant state tort claims.  See 28 U.S.C. § 1367; Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).  All claims against Defendant Richard Heydt are dismissed.

**G. Lehigh County Defendants**

    The Lehigh County Clerk of Courts, Dale Miesel, the Warden of Lehigh County Prison, and John Sikora, the Chief Lehigh County Adult Probation Officer moved to dismiss the claims against them for failure to state a claim on which relief can be granted.  The claims against these defendants are thin or nonexistent.  Sikora signed a "5 day detainer" that was "entered into records" by Miesel.  (Am. Compl. 8:9c.)  Additionally, Sikora and Miesel are allegedly to blame for falsely imprisoning Plaintiff for twenty-six-and-a-half hours.  (Id. 8:19c.)  Plaintiff concludes Defendants Sikora and Miesel violated his First and Fourteenth Amendment rights and committed the state tort of false imprisonment.  (Id. 11:17d.)

    Plaintiff has insufficiently plead his claims that his First and Fourteenth Amendment rights were violated.  Although the Amended Complaint is not entirely clear, it appears Sikora and Miesel were officials under whose authority Plaintiff was placed in the Lehigh County Prison.  This detention apparently followed

a hearing before a magistrate judge in which the judge found probable cause to support Plaintiff's arrest and ordered Plaintiff to be detained.  The Court cannot divine a reason why Sikora and Miesel were constitutionally forbidden to comply with a court order.  Plaintiff merely comes to the conclusion they violated his rights but he states no facts that amount to a constitutional violation.  Moreover, with respect to Defendant Sikora, he is likely entitled to Eleventh Amendment immunity from suit.  See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (County probation office is component of state judiciary and entitled to immunity.)  The Lehigh County Clerk of Courts is listed as a defendant in the present action but the Amended Complaint maintains no allegations against it.  Thus it appears the Clerk of Courts was erroneously added as a party.  All claims against Defendants Sikora, Miesel and the Lehigh County Clerk of Courts are dismissed.

**IV.  CONCLUSION**

For the reasons stated, Defendants' Motions to Dismiss are granted.